Emmett J. Schnepp, J.
The individual plaintiff, who is held in the Monroe County Jail awaiting trial, seeks injunctive relief restraining the defendant from requiring the'plaintiff and others so held, to cut off their beards and mustaches, and for a declaration of their rights in their choice of a facial hair style. It is claimed, without challenge, that the guards threaten to remove their facial hair, and that thereby their rights of privacy and other guaranteed constitutional privileges are endangered and violated. The defendant contends that as Sheriff, he is responsible for the management of the Monroe County Jail and the enforcement of the rules of the State Commissioner of Correction, which provide under ‘ ‘ Cleanliness and sanitation ’ ’ that “Prisoner should be required to shave at least twice weekly, and all must be clean shaven; long hair should not be permitted ’ ’, and under “Administrative Procedures ” that “ on admission each prisoner must be carefully searched for weapons, tools, drugs, contraband, etc.” (7 NYCRR 5100.10, 5100.13.) He asserts that failure to enforce the shaving regulations would permit plaintiff to conceal such items, be discriminatory and inconsistent with good discipline and morale among the other jail inmates, who had received regulation hair cuts, incite the other prisoners, lead to altercations and rioting and jeopardize the safety of all prisoners. It goes without saying that courts will not interfere with the administration or operation of jails or prisons where the regulations under review are neither arbitrary nor unreasonable.
It is recognized that as a matter of personal freedom an individual may wear his hair in any length or style and that this right is protected by the United States Constitution. (Breen v. Kahl, 419 F. 2d 1034.) An individual is certainly equally privileged with respect to his facial hair and at liberty to appear and express himself in court bearded and unshorn in the belief that this may be best suited to his personality and for whatever impression such appearance would make upon a court and jury.
*234 All rights, however, of the individual are subject to reasonable intrusions by the State in the furtherance of its legitimate interests. As a Federal court stated in considering a similar situation, “ Determining that a personal liberty is involved answers only the first of two questions. The second is whether there is an outweighing state interest justifying the intrusion. The answer to this question must take into account the nature of the liberty asserted, the context in which it is asserted and the extent to which the intrusion is confined to the legitimate public interest to be served.” (Richards v. Thurston, 424 F. 2d 1281, 1285.)
The very nature of incarceration in jail limits a man’s freedom and requires, in the name of discipline, health, safety, and security, other limitations and encroachments by the State upon his personal privileges and rights in the furtherance of the common good. The extent of such intrusion, of course must be related to the end to be furthered.
The basis upon which the inmate is being held is necessarily relevant to the entire consideration. The court here is not concerned with a prisoner being held after conviction, but with one accused of a crime, awaiting trial and presumed innocent in the eyes of the law. The legitimate public interest to be served is solely to detain plaintiff to insure his appearance at trial, and the reasonableness of the challenged acts must be determined in a context related to the legitimate advancement of the trial interest. Nothing in the record justifies the assumption that the presence or absence of a mustache or beard has any reasonable connection with the appearance or nonappearance of plaintiff, an “ unconvicted detainee ” at trial. (See, e.g., Davis v. Lindsay, 321 F. Supp. 1134; Sealer. Manson, 9 Cr. L. 2209.)
Further, no facts are presented by the defendant to support his claim that the shearing of an unconvicted person’s beard or mustache is relevant to the promotion of good discipline and morale among the remaining inmates of the jail, or that failure to cut his beard or mustache would tend to incite other prisoners and lead to the jail disruptions contended by the defendant. The - rule fixes no standard but is an absolute prohibition against facial hair in any form. It is difficult to perceive the relationship between its plain language and cleanliness and sanitation or search and seizure, particularly, as in this case, after the inmate has been jailed for an extended time and allowed to grow hair in jail prior to the commencement of the action.
Proof justifying the reasonableness of such regulations and their relationship to the legitimate public interest to be protected *235 must be submitted upon the trial of the within action and accordingly, the motion of defendant to dismiss the complaint must be denied. Because there is a threat of intrusion upon the personal rights of plaintiff by reason of such regulations, which on their face show no “ inherent self-evident justification ”, the defendant has the burden to justify their reasonableness and validity, the common good furthered thereby and the public interest served. (Richards v. Thurston, 424 F. 2d 1281, 1286, supra; Breen v. Kahl, 419 F. 2d 1034, 1036, supra.)
Since the act threatened by defendant is destructive of the relief which plaintiff seeks and there appears to be a probability that plaintiff may be ultimately successful on the trial of the within action, and the plaintiff has demonstrated his right to a preliminary injunction pursuant to CPLR 6301, the temporary stay now in effect is continued pending a determination of the issues after trial.
The defendant is granted 20 days from service of the order herein to serve his answer to the complaint and it is within his right to demand a trial preference which will permit an early determination of the issues. (CPLR 3403, subd. [a].) Nothing herein shall be deemed to mean that the regulations in effect are unreasonable or that reasonable regulations may not be adopted regulating the facial hair of such jail inmates based upon health, security or other lawful objectives.